IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 1:17-00093-KD-B |
| | ) |
| DUSTIN LEE McLELLAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Dustin Lee McLellan's Motion for Reconsideration of the Court's Order denying his Motion for Compassionate Release. (Doc. 157). A response is not required by the Government, and for the reasons set forth herein, McLellan's motion is **DENIED.**

**I.    Background**

On April 27, 2021, the Court denied McLellan's Motion for Compassionate Release (Doc. 139) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 156). In that order, the Court noted that McLellan's Hepatitis C diagnosis did not qualify as extraordinary and compelling that was "serious and advanced…with an end of life trajectory." (Doc. 156 at 7). And, McLellan did not show that this condition "dimishi[ed] his ability to provide self-care in prison." (Id. at 8). Moreover, the Court explained that McLellan's alleged family situation did not warrant release. (Id.). The Court also considered whether McLellan still posed a danger to the safety of the community and found that he did. (Id.). Accordingly, the Court denied McLellan's motion. (Id.).

McLellan filed this letter challenging the Court's assessment of his dangerousness. (Doc. 157 at 1-2). He alleges his motion for compassionate release was denied "on grounds that are completely false and fabricated." (Id. at 1). Specifically, McLellan contends this Court's order falsely overstated his prior criminal convictions and incorrectly claims McLellan stabbed three inmates while in prison.

**II.      Discussion**

The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. United States v. Craig, 786 Fed. Appx. 237, 238 (11th Cir. 2019) (citing United States v. Fair, 326 F. 3d 1317, 1318 (11th Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena."). "In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted)).

Here, per McLellan, "You stated I had (14) felony convictions and that is completely false. I have three (3). Those are two non-violent property crimes from 23 years ago when I was a 16 year old teenager." (Id. at 1). This Court's order quoted the Eleventh Circuit's opinion on McLellan's appeal of his underlying conviction in this case. United States v. McLellan, 958 F.3d 1110 (11th Cir 2020). The Eleventh Circuit detailed McLellan's criminal history as outlined in his Presentence Investigation Report. Id. at 1116-17. This discussion notes McLellan had "at least fourteen prior convictions" "by the time of his convictions in the current case at age thirty-five." Id. at 1116. This quote says fourteen prior convictions; it does not say fourteen prior *felony* convictions. The quoted

language references a prior conviction for third-degree domestic violence and ultimately concludes that "McLellan's criminal history demonstrates a strong disrespect for the law as well as a consistent pattern of violence." Id.

McLellan also takes issue with another portion of the Eleventh Circuit's opinion which references a probation officer's report that McLellan stabbed three inmates while in prison while he was awaiting sentencing. (Doc. 157 at 1). McLellan maintains that he did not stab these inmates and that he was the one attacked while he was sleeping. (Id.). He states that one of the men who stabbed him in prison was also the individual "the police caught at [his] mother's house months earlier that was paid with drugs by [his] girlfriends ex-husband to kill [him]. What are the chances that is a coincidence?" (Id.). He pleads the Court to watch the video of the incident, claiming that the incident has been blown out of proportion. (Id. at 3). McLellan brought this contention in support of his motion for compassionate release; the Court considered his argument and his assertions fully when analyzing his motion. See generally (Doc. 155).

McLellan does not present any newly discovered evidence nor does he argue the Court committed manifest error of law or fact. This information does not alter the Court's prior assessment of McLellan's history and characteristics. Thus, McLellan's Motion for Reconsideration (Doc. 157) is **DENIED.**

**DONE** and **ORDERED** this 14th day of September 2021.

s / Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**CHIEF UNITED STATES DISTRICT JUDGE**