IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>         Plaintiff,    )<br>    )<br>v.    )    CRIMINAL ACTION 1:17-00093-KD-N-1<br>    )<br>DUSTIN LEE MCLELLAN,    )<br>         Defendant.    )    | |

### ORDER

This matter is before the Court on Defendant Dustin Lee McLellan (McLellan)'s motion for additional jail credit (as supplemented). (Docs. 158, 159). Specifically, McLellan references the following time served in state custody for charges for which he was "exonerated" and "not convicted:" 10/10/12-2/24/14 in Conecuh County; and 6/15/14-10/3/15 in Mobile County.

This Court is the sentencing court in this case. However, the Federal Bureau of Prisons ("BOP"), not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before her federal sentence commences. Specifically, per 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...." The "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). See also e.g., United States v. Anderson, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing[]"); United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his

sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). Therefore, the Court does not have authority to calculate and award credit for time served in custody. As such, it is **ORDERED** that McLellan's motion (Docs. 158,159) is **DENIED.**

    **DONE** and **ORDERED** this the **16th** day of **September 2021.**

                                        /s/ Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**