IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 1:17-00093-KD-B |
| | ) |
| DUSTIN LEE McLELLAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Dustin Lee McLellan's second motion to reconsider the denial of his motion for compassionate release and supplement in support (Docs. 162, 163). Upon consideration, and for the reasons set forth herein, McLellan's motion is **DENIED**.

### I.  Background

On April 27, 2021, the Court denied McLellan's motion for compassionate release (Doc. 139) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 156). In that order, the Court noted that McLellan's Hepatitis C diagnosis did not qualify as extraordinary and compelling that was "serious and advanced…with an end of life trajectory." (Doc. 156 at 7). And McLellan did not show that this condition "diminish[ed] his ability to provide self-care in prison." (Id. at 8). Moreover, the Court explained that McLellan's alleged family situation did not warrant release. (Id.). The Court also considered whether McLellan still posed a danger to the safety of the community and found that he did. (Id.).

McLellan moved for reconsideration and challenged the Court's assessment of his dangerousness. (Doc. 157 at 1-2). He alleged his motion for compassionate release was denied "on grounds that are completely false and fabricated." (Id. at 1). Specifically, McLellan contended this Court's order falsely overstated his prior criminal convictions and incorrectly claimed McLellan stabbed three inmates while in prison.  The Court denied his motion (Doc. 160).  The Court found

1

that McLellan did not present any newly discovered evidence or argue that the Court committed a manifest error of law or fact. The Court also found that the information in McLellan's motion did not alter the Court's prior assessment of his history and characteristics.

Now, McLellan moves again for reconsideration of the denial of his motion for compassionate release (doc. 162, doc. 163).

**II.    Analysis**

The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. United States v. Craig, 786 Fed. Appx. 237, 238 (11th Cir. 2019) (citing United States v. Fair, 326 F. 3d 1317, 1318 (11th Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena.").

"In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted)).

McLellan argues that the Court committed a manifest error of fact because he does "not have (14) convictions of any type of kind felony misdemeanor, or traffic offenses combined" (Id.).

2

McLellan asserts again that he has three felony convictions. He argues that was convicted of two non-violent property crimes when he was 16 years old, and one drug offense "from a decade ago". He also admits he was convicted of two misdemeanors from twenty and ten years ago. McLellan also argues that he did not commit some of the offenses for which he was sentenced and as to a prison stabbing incident, he asserts that he stabbed one inmate in self-defense, but not three inmates. McLellan also points out that he has served over twenty-one years in prison. From this, McLellan argues "[t]here is nothing in the records in front of [the Court] that can possibly say I am dangerous" and thus, the Court erred by denying his motion on basis of danger.[1]

Previously, the Court relied upon the decision of the Court of Appeals for the Eleventh Circuit which found that McLellan had "at least fourteen prior convictions" and that his "criminal history demonstrates a strong disrespect for the law as well as a consistent pattern of violence." United States v. McLellan, 958 F.3d 1110, 1116-17 (11th Cir. 2020) (doc. 160). The Eleventh Circuit's determination that McLellan had "14 convictions" appears not to be accurate. To correct the record, the Court has reviewed the Presentence Investigation Report which indicates that McLellan had nine adult convictions starting at age 16:

1) Attempting to elude (1998)

2) Burglary, First Degree (January 1999) (McLellan stole two shotguns, a rifle, a hunting bow, and jewelry. He was sentenced to ten years, suspended to three years on probation. He was revoked three times, the last in 2003. He served approximately ten years and was released August 2011)

3) Burglary, First Degree (February 1999) (McLellan stole two shotguns, three pistols and a checkbook. He was sentenced to ten years, suspended with credit and five years on

---

[1] McLellan also adds that he has symptoms of his diagnosed Hepatitis C, for which the Bureau of Prison has not given him medication, and that his mother is disabled and needs his help. To the extent that these circumstances could be construed as newly discovered evidence asserted to be extraordinary and compelling reasons for a reduction in sentence, McLellan has not provided any evidence that he met the statutory procedural prerequisites for consideration. See 18 U.S.C. § 3582(c)(1)(A)(i).

probation. His probation was revoked, he was sentenced to time served, and probation reinstated in 2003)

4) Minor in possession of alcohol (2002)

5) Domestic Violence Third Degree (May 2003) (McLellan punched the victim in the face. This offense resulted in revocation of probation for the burglary offenses)

6) Attempted unlawful manufacture of controlled substances (May 2012)[2] (McLellan was sentenced to 97 months incarceration, to serve 18 months with the balance suspended for three years on probation. A petition for revocation, filed in 2017, was pending at the time of the instant federal offense)

7) Possession or receiving a controlled substance (October 2012)[3] (McLellan pled guilty and was sentenced to eighteen months. He was given jail credit for his sentence for attempt to manufacture controlled substances)

8) and 9) Convictions for two counts of felon in possession of a firearm (2017) (As to Count One, McLellan had been tried and found guilty in this Court. He plead guilty to Count Two.)

(Doc. 91, p. 13-15).

Also, at the time the PSIR was prepared, McLellan had fifteen pending charges. Specifically,

1), 2), - Two municipal offenses for giving false information and resisting arrest (warrant outstanding as of 2004);

3), 4), 5) - Two charges for possession of a controlled substance and one charge for use or possession of drug paraphernalia (set for plea or trial 2018);

6), 7), 8), 9), 10) - Possession of a controlled substance, possession of marijuana First Degree, delivery or sale of drug paraphernalia, forbidden person in

---

[2] Charges for possession of a controlled substance, possess or sell precursor chemicals, tampering with physical evidence, possession of marijuana, Second Degree, and use or possess drug paraphernalia were dismissed. (Doc. 91, p. 13).

[3] Charges for forbidden person in possession of a pistol, possess or sell precursor chemicals, unlawful manufacture of controlled substance, First Degree, and use or possess drug paraphernalia were nolle prossed. (Doc. 91, p. 14).

possession of a pistol, and attempting to elude (released on bond, set for status call 2018);[4] and

11), 12-14) 15) – Forbidden person in possession of a firearm, possession of a controlled substance (three charges) and paraphernalia misdemeanor (set for status call 2018). [5]

(Doc. 91, p. 15-16).

Review of the AlaCourt website indicates that except for the two municipal offenses, these pending charges were ultimately dismissed or nolle prossed. The AlaCourt report did not include any information on the municipal offenses.

Even though McLellan did not have "fourteen prior convictions", under the law he is an armed career criminal. Moreover, his criminal history is significant enough for the Court to find that he is a danger to the community and that his criminal history shows a pattern of disrespect for the law.  But despite McLellan's criminal history this Court chose not to sentence him to the Sentencing Guidelines range of 262 to 327 months. Instead, the mandatory minimum <u>required</u> sentence was imposed. McLellan's Second Motion for Reconsideration is **DENIED.**

**DONE** and **ORDERED** this 16th day of February 2022.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The possession of a pistol was the same conduct that resulted in Count Two of the Superseding Indictment.

[5] The possession of a pistol was the same conduct that resulted in Count One of the Superseding Indictment.