**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **Dustin Lee McLellan,** | ) |
| **BOP Reg. # 16854-003,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) **Civil Action No.  1:20-00469-KD** |
| **v.** | ) |
| | ) **Criminal Action No. 1:17-0093-KD-N** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**<u>ORDER</u>**

This matter is before the Court on Defendant Dustin Lee McLellan's *pro se*[1] Motion to Vacate pursuant to 28 U.S.C. § 2255 and Addendums (Docs. 136, 143), the Government's Response (Doc. 148), the Defendant's Reply (Doc. 154); the Defendant's Motions for Addendum, to Amend, and to Add Grounds (Docs. 165, 166, 168); and the Defendant's Motion to Appoint Counsel (Doc. 167).

## I.    <u>Background</u>

On May 24, 2017, the federal grand jury for this district issued an indictment against Defendant Dustin Lee McLellan charging him with one count (Count 1) of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On July 27, 2017, the federal grand jury for this district issued a superseding indictment against Defendant Dustin Lee McLellan charging him with three counts (Counts 1-3) of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 29). Count 1 was severed from Counts 2 and 3. On

---

[1] McLellan is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed *pro se* more liberally…" <u>See, e.g., Gunn v. Newsome</u>, 881 F.2d 949, 961 (11th Cir. 1989).

August 7, 2017, McLellan was found guilty of Count 1 after a jury trial. (Doc. 54). Later, pursuant to a plea agreement, McLellan pled guilty to Count Two of the superseding indictment in exchange for the government's agreement to dismiss the third count. (Doc. 83). On July 18, 2018, McLellan was sentenced to 180 months imprisonment, a subsequent 5-year term of supervised release, and a special assessment of $200. (Doc. 109). McLellan appealed that judgment. (Docs. 111, 116). McLellan's conviction was affirmed on May 6, 2020, but the 11th Circuit requested this Court to clarify its sentence. (Doc. 36). Because McLellan did not seek Supreme Court review of the Eleventh Circuit's decision, his judgment of conviction became final 90 days later, on August 4, 2020. See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

McLellan, proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 136), challenging the judgment entered against him in the above-referenced criminal action on 16 different grounds. McLellan is deemed to have filed the present § 2255 motion, his first, on September 8, 2020 – the date he certifies it was delivered to prison officials for mailing (Doc. 136).[2]  McLellan asserts his conviction and sentence must be vacated in light of alleged trial errors, ineffective assistance of counsel, and sentencing issues. See generally (Docs. 136, 143). The Government responds that the Court should deny McLellans's motion contending McLellan has not satisfied his burden for showing ineffective assistance of counsel and the rest of his claims are procedurally defaulted. (Doc. 148). McLellan filed a Motion

---

[2] "[A] *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

for Addendum (Doc. 165) on March 21, 2022, Motion to Amend (Doc. 166) on April 18, 2022, and a Motion to Add Grounds (Doc. 168) on May 16, 2022.

## II.   **Legal Standard**

Pursuant to Title 28 United States Code Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the constitution or the laws of the United States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also McKay v. United States, 657 F.3d 1190, 1194, n.8 (11th Cir. 2021). "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682 *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the Government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

A motion under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); see also Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge

to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.") (collecting cases). When a defendant has procedurally defaulted on his claim, he is barred from collaterally attacking his conviction in federal court unless he can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998).

Cause sufficient to excuse a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Mere inadvertence or neglect does not constitute good cause. Cf. Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991). To show actual prejudice, the movant must demonstrate not "merely that the errors [before the trial court] created a *possibility* of prejudice, but that they worked to her *actual* and substantial disadvantage, infecting [the entire trial court proceeding] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982).

In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

And, a petitioner is procedurally barred from raising arguments in a motion to vacate which he has already raised and that have been rejected on direct appeal. See Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014); see also Felix v. United States, 2020 WL 773476, at *1 (11th Cir. 2020) (citing same). "[A] claim that was rejected on appeal does not merit rehearing on a § 2255 motion when based on a different, but previously available, legal theory."

Posa v. United States, 2017 WL 8800980, at *2 (11th Cir. 2017) (citing United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)). But, a defendant can overcome this procedural bar to re-litigation if his new claim is based on an intervening change in substantive law. Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] *upon showing an intervening change in the law.*" (emphasis added) (alteration and quotation marks omitted)).

## III.   Discussion

### A.   Motions for Addendum, to Amend, and to Add Grounds

As mentioned *supra*, a criminal defendant has one year to file a § 2255 habeas petition after their conviction becomes final. Federal Rule of Civil Procedure 15(c), which has been made applicable to habeas proceedings, provides that pleading "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence." Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P 15(c)(2)). However, "[a] new claim only relates back to prior claims if they are 'tied to a common core of operative facts.' " Oliveiri v. United States, 717 F. App'x 966, 968 (11th Cir. 2018) (per curiam) (unpublished) (quoting Mayle, 545 U.S. at 664). "The untimely claim, that is, 'must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.' " Id. (quoting Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)).

Equitable exceptions may excuse an untimely habeas claim. First,

the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section

5

2244 does not bar the application of equitable tolling in an appropriate case. Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. See Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005).

San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

> Second,

> [i]n McQuiggin[ v. Perkins], the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in Schlup[ v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. McQuiggin, 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329, 115 S. Ct. at 868). The test devised in Schlup is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " Id. at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," Id. at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," Id. at 317, 115 S. Ct. at 862.

Brown v. Sec'y, Fla. Dep't of Corr., 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam).

"[P]ro se status alone does not warrant equitable tolling. Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997). Also, neither lack of access to a federal law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances. See Holland, 560 U.S. at 649 (stating that lack of access to a federal law library is not an "extraordinary circumstance" justifying equitable tolling); Dodd v. United States, 365 F.3d 1273, 1283–84 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate")." Castillo v. United States, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017).

Here, McLellan's Motions for Addendum, to Add Grounds, and to Amend were filed after the one year period expired. (Docs. 165, 166, 168). McLellan is not entitled to equitable tolling, as he has failed to show any extraordinary circumstances.[3] Id. Accordingly, the Court will consider the arguments raised in these motions only to the extent they relate back to grounds originally raised in McLellan's timely 2255 Motion and Addendum. Moreover, the Court will not consider any new grounds raised in the untimely motions.

### B. New Arguments Raised in Reply

McLellan raised, for the first time, additional arguments in his Reply to the Government's Response. (Doc. 155). However, these arguments are waived since they were not raised in his 2255 Motion. See United States v. Santoriello, 2021 WL 3549907, at *7 (N.D. Fla. July 8, 2021), report and recommendation adopted, No. 3:17CR57/RV/EMT, 2021 WL 3533736 (N.D. Fla. Aug. 10, 2021) (argument raised for the first time in a 2255 reply brief is waived); McKiver v. Sec'y Fla.

---

[3] McLellan argues in his Motion to Amend and to Add Grounds (Doc. 166, 168) that he was separated from his legal documents and the law library. He does not raise any grounds for untimely filing his Motion for Addendum. (Doc. 165).

Dep't. of Corr., 991 F.3d 1357, 1364 n.1 (11th Cir. 2021) (arguments raised for the first time in a party's reply brief are waived); United States v. Herget, 585 F. App'x 948, 950 (10th Cir. 2014) (ineffective assistance of trial counsel claim presented for the first time in section 2255 reply waived); United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues raised in a section 2255 reply brief after the government filed its response ) (citations omitted); Wallace v. United States, Civ. Case Nos. 8:13cv2262-T-24MAP, 8:11cr287-T-24MAP, 2014 WL 12605465, at *5 (M.D. Fla. Jan. 13, 2014) (finding that because petitioner did not raise ineffective assistance of appellate counsel in his section 2255 petition and, instead, raised it for the first time in his reply, it was deemed waived and not cognizable on collateral review) (citing United States v. Otalvora, Nos. 93CR096, 95C0157, 1995 WL 151768, at *1 (N.D. Ill. Apr. 4, 1995) (arguments presented for the first time in a section 2255 reply brief are waived).

### C. **Amended Judgment is not Re-sentencing**

McLellan argues that his due process rights were violated since he was not present when the Court clarified his sentence pursuant to the 11th Circuit's Order on July 10, 2020. The 11th Circuit ordered this Court to clarify "the judgment to reflect the sentence the district court said it would have imposed if the Armed Career Criminal Act ("ACCA") did not apply." (Doc. 132 at 20). McLellan asserts that this Court's clarification of the judgment was a "resentencing," thus he was entitled to be present. However, McLellan's assertion is incorrect.

The 11th Circuit expressly stated in United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), which McLellan cites in support of his contention, "that § 2255 envisions two different kinds of sentence modifications: a 'correction' being a more limited remedy, responding to a specific error; and a 'resentencing' being more open-ended and discretionary, something closer

8

to beginning the sentencing process anew." Generally, **a "correction" does not constitute a critical stage** while a "resentencing" does. See Brown, 879 F.3d at 1237 (emphasis added) (citing United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir. 1991)) ("This Court has recognized that '[t]he established right to be present for sentencing—or even for resentencing under certain circumstances—... does not translate into a right to be present whenever judicial action modifying a sentence is taken.'"). And here, there was not a correction or resentencing – there was a mere clarification.

The Court's clarification of McLellan's sentence to reflect the sentence the Court would have imposed if the ACCA did not apply clearly does not constitute a resentencing, or critical stage, at which McLellan was entitled to be present. McLellan's sentence is exactly the same as he received at his original sentencing hearing when he was afforded his right to be present and represented by an attorney. See, e.g., Mincey v. McNeil, 2008 WL 2694112, at *3 (M.D. Fla. July 7, 2008) (finding petitioner did not have right to be present when district court clarified petitioner's sentence pursuant to remand by 11th Circuit) (collecting cases).[4] Accordingly, McLellan's claim that his due process rights were violated does not warrant relief and fails as a matter of law as he was present at all critical stages.

### D. Applicability of the ACCA

McLellan argues that the ACCA does not apply to him and thus his sentencing guideline range was incorrectly calculated. Initially, McLellan does not specify why the ACCA does not apply in his original motion, but in his Reply he argues that a 2nd Degree Attempted Manufacture

---

[4] Moreover, McLellan's sentencing claims are not viable in a 2255 motion, as "a defendant has no right to raise Guidelines sentencing issues in a § 2255 proceeding." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995)

of Controlled substance conviction was not a serious drug felony as described in the ACCA. (Doc. 136 at 4; Doc. 154 at 5). McLellan asserts he did not raise this issue on appeal because "I guess my lawyer didn't see fit to. IDK?" Id. The Government argues that McLellan cannot argue that the ACCA does not apply because the issue was raised on appeal.

First, the Court notes the applicability of the ACCA was raised on appeal, but the 11th Circuit did not address it "because the record is clear that the district court would have imposed the same 180-month sentence regardless of whether the mandatory minimum applied." (Doc. 132 at 11). Although the same sentence would have been given if the ACCA did not apply, the Court will explain why it does apply.

The ACCA applies to a "defendant convicted under § 922(g) who has three or more prior convictions for a serious drug offense or a violent felony as defined by the ACCA." United States v. Roosevelt Coats, 8 F.4th 1228, 1240 (11th Cir. 2021). "[T]he term 'serious drug offense' means … an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law…" U.S.C.A. § 924 (2006).[5] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that … is burglary…" 18 U.S.C.A. § 924 (2006).

---

[5] This statute was amended in 2018, after McLellan's sentencing, but it did not change the definition of "serious drug offense" or "violent crime." The 2006 statute is cited because it was in effect at the time of McLellan's sentencing.

The first of McLellan's three predicate offenses under the ACCA is Attempted Manufacture of Controlled Substance in the second degree, which he plead guilty to on March 10, 2014, and is considered a "serious drug offense" for purposes of the ACCA. (Doc. 91 at 13). A "serious drug offense" is defined as:

> **(i)** an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or **(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C.A. § 924 (2006).

The Attempted Manufacture of a Controlled Substance is a "serious drug offense" under the ACCA because 1) it involves manufacturing a controlled substance;  and 2) carries an imprisonment term of 10 years. See Ala. Code § 13A-12-217 ("Unlawful manufacture of a controlled substance in the second degree is a Class B felony."); see also Ala. Code § 13A-4-2 ("An attempt is … a Class C felony if the offense attempted is a Class B felony…"); see also Ala. Code § 13A-5-6 (Class C Felonies carry one year and one day to 10 year imprisonment terms).

The second and third predicate offenses under the ACCA applicable to McLellan are his two First Degree Burglary convictions. (Doc. 91 at 9, 11). McLellan pled guilty to First Degree Burglary stemming from a January 14, 1999, arrest on March 10, 2000. Id. McLellan pled guilty to First Degree Burglary stemming from a February 25, 1999, arrest on September 23, 1999. Id. As the ACCA expressly states, burglary is a predicate offense. 18 U.S.C.A. § 924 (2006).[6] Thus,

---

[6] "[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year…that--

McLellan's two convictions of First Degree Burglary constitute two predicate offenses pursuant to the ACCA.

Consequently, McLellan had at least three predicate offenses under the ACCA prior to the events giving rise to this action. Accordingly, the ACCA applied for his sentencing. Thus, McLellan's § 2255 motion seeking relief for the inapplicability of the ACCA resulting in an unwarranted sentence, although the Court expressly said the same sentence would nevertheless have been imposed, fails as a matter of law.

### E. **Trial Issues are Procedurally defaulted**

McLellan argues that he is entitled to relief because of numerous alleged trial issues. McLellan's first claim is that the Court "relied heavily" on testimony by an Escambia County Jail Officer regarding a jail-fight, where he stabbed a fellow inmate, to his detriment. (Doc. 136 at 7). McLellan asserts that he did not raise this issue on appeal because "he couldn't at the time." Id. The Government responds that this issue was, in fact, considered on appeal. (Doc. 148 at 7).

The Government is correct, as the 11th Circuit expressly acknowledged that this Court's consideration of the stabbing incident was proper under § 3553(a). United States v. McLellan, 958 F.3d 1110, 1117 (11th Cir. 2020). Accordingly, McLellan attempting to relitigate his claim regarding the stabbing incident is improper, as "[t]he [law of the case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005); see

---

**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924 (2006).

also *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir.2001) ("Generally, the law of the case doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision."); In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 n. 3 (11th Cir.1990) ("While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly, as well as by necessary *implication,* in an earlier proceeding.") (internal marks and citation omitted).

Next, McLellan argues that Costellar Ward's[7] testimony was fraudulent and coerced. (Doc. 136 at 14). The Government responds that this issue is procedurally defaulted because it was available on appeal, McLellan failed to show cause and prejudice, and McLellan did not allege or show actual innocence. (Doc. 148 at 17). The Court agrees with the Government, as this claim of perjured testimony was available on appeal and McLellan failed to explain why the issue was not available at the time. Moreover, McLellan failed to show cause and prejudice and failed to show that he was actually innocent. Thus, this claim is procedurally defaulted.  See Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (The procedural default rule "generally applies to all claims, including constitutional claims.") (citing Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994)); see, e.g., Adams v. United States, 2008 WL 11431073, at *5 (N.D. Ga. May 19, 2008), aff'd, 338 F. App'x 799 (11th Cir. 2009) (Petitioner did not explain why they failed to raise perjured testimony issue on direct appeal or why the issue was unavailable on appeal, and the district court found the issue to be procedurally defaulted.).

---

[7] Costellar Ward was a witness for the Government.

Next, McLellan argues that prosecutorial vindictiveness occurred against him because the superseding indictment was issued shortly before trial. He alleges this was a result of his unwillingness to plea.[8] He asserts that this is "so wrong" and requests the Court to sentence him within the guidelines. (Doc. 136 at 8; Doc. 143 at 6, 8). The reason McLellan gives for not raising this on appeal is because he "couldn't." Id. The Government responds that this argument is procedurally defaulted because it should have been objected to at trial and raised on appeal, which McLellan failed to do. (Doc. 148 at 20) (citing United States v. Branham, 285 F. App'x 642, 644 (11th Cir. 2008) ("We have noted that a motion to dismiss the indictment on the basis of prosecutorial misconduct must be raised prior to trial, pursuant to Fed. R. Crim. P. 12(b)(3)(B), or it otherwise is waived."). Moreover, the Government argues that McLellan's claim is "wholly conclusory" and "unsupported by facts or evidence." Id.

The Court agrees with the Government, as McLellan has only made conclusory statements regarding prosecutorial vindictiveness and has not presented any factual support. See, e.g., United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) (Petitioner's conclusory statement regarding Government Conspiracy insufficient to state a constitutional claim in § 2255 proceeding.). Despite the lack of merit in this claim, this argument is procedurally defaulted because McLellan has failed to show that this issue was not available during trial or on appeal, cause and prejudice, or actual innocence. Accordingly, McLellan's prosecutorial vindictiveness claim fails as a matter of law.

### F.  Alleged Sentencing Issues are Procedurally Defaulted

---

[8] McLellan argues that the superseding indictment was issued 7 days before trial, when in fact it was issued 12 days before trial. The superseding indictment was issued on July 27, 2017, and trial commenced August 7, 2017. (Docs. 29, 79).

McLellan argues that his five (5) year Supervised Release Term[9] is unconstitutional because the statutory maximum for a standard 922(g) conviction, a Class C felony, is three (3) years. (Doc. 154 at 2). The Government responds that the Supervised Release Term is proper since "Section 3585(b)(1) authorizes a term of supervised release of 'not more than five years' for a Class A or Class B felony." (Doc. 148 at 23). The Court finds the Supervised Release Term of five (5) years to be proper pursuant to the plea agreement and applicability of the ACCA.  See Johnson v. United States, 576 U.S. 591, 593, 135 S. Ct. 2551, 2555, 192 L. Ed. 2d 569 (2015) ("[I]f the violator [of § 922(g)] has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."); 18 U.S.C.A. § 3559 (If possible term of imprisonment is life, then it is a Class A felony);  18 U.S.C.A. § 3583 (Class A felony carries maximum of five (5) year terms of supervised release). McLellan expressly acknowledged at his plea hearing that a five (5) year Supervised Release Term could be issued if the enhancement applied. (Doc. 124 at 7); see, e.g., Loiacono v. United States, No. 8:14-CR-31-T-30TGW, 2016 WL 4212085, at *1 (M.D. Fla. Aug. 10, 2016) ("[I]n accordance with the ACCA, Petitioner was sentenced to 180 months' imprisonment, followed by 60 months' supervised release" for their § 922(g) conviction.). Accordingly, McLellan's Supervised Release Term of five (5) years is proper.

Next, McLellan argues that his conviction violates double jeopardy because he was found guilty of multiple 922(g) counts. However, this argument is procedurally defaulted since McLellan did not raise this issue on direct appeal and has failed to show cause and prejudice or actual innocence. See United States v. Matthews, 2019 WL 11497185, at *2 (M.D. Ga. Feb. 22,

---

[9] In McLellan's timely addendum to his 2255 motion, he argued that his SRT was 10 years. (Doc. 143 at 1). In his Reply, he conceded that it was 5 years after the Government pointed it out in their Response. (Doc. 154 at 2).

2019) ("Movant's double-jeopardy claim is procedurally defaulted because he did not raise the issue on direct appeal. Movant is procedurally barred from raising claims in a collateral proceeding that he failed to raise on direct appeal unless he can establish cause and prejudice or actual innocence. See Massaro v. United States, 538 U.S. 500, 504 (2003); Murray v. Carrier, 477 U.S. 478, 496 (1986); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)."). Accordingly, McLellan's double jeopardy argument is procedurally defaulted and fails as a matter of law.

The argument is also without merit. McLellan was indicted for violating 922(g) on multiple occasions (October 13, 2012, August 19, 2016, and March 22, 2017). The three 922(g) counts do not stem from a single incident. McLellan was found guilty on two of the counts.

McLellan continues his sentencing arguments by asserting that he was unable to object to his sentences being run consecutively and that the "only ground for upward departure – the incident at the jail where I was protecting myself from assault by three inmates" (the stabbing incident, discussed *supra*) was improperly considered. (Doc. 143 at 1-2). McLellan cites to "U.S. vs. Williams 5th Circuit" (which the Court was unable to locate) in support of factors to consider in running sentences consecutively. This assertion is without merit because, as discussed *supra*, the Court found the ACCA to apply to McLellan. The applicability of the ACCA mandates a 15 year statutory minimum sentence. McLellan received the 15 year mandatory sentence. Thus, McLellan's arguments concerning consecutive sentences fail as a matter of law.

Last, McLellan asserts that he "was not on probation at the time of these offenses…and that error by itself put [him] in a totally different Criminal History Category." (Doc. 143 at 7). This issue is procedurally defaulted because McLellan failed to raise it on direct appeal and has failed to establish cause or prejudice. As to prejudice, there is none because McLellan was subject to

the ACCA mandatory 15 year sentence. His criminal history category did not affect his sentence. Accordingly, this claim is meritless and fails as a matter of law.

### G.  Ineffective Assistance of Counsel

McLellan asserts multiple claims of ineffective assistance of counsel, including his attorney's alleged failure to object to statements made at closing, bring up his prescriptions to rebut testimony, and present a letter from an employer. (Doc. 136 at 10, 14). The Government responds that McLellan's counsel was not ineffective and that McLellan did not adequately assert claims of ineffective assistance of counsel since he made conclusory allegations. (Doc. 148 at 24).

The elements a petitioner must satisfy in making a 2255 ineffective of counsel claim come from Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687, 104 S. Ct. at 2064 (1984).

"This is an 'onerous' burden on the defendant. Terrell v. GDCP Warden, 744 F.3d 1255, 1261 (11th Cir. 2014)." Flowers v. Sec'y, Dep't of Corr., 842 F. App'x 510, 514 (11th Cir. 2021). "On the first prong, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' Strickland 466 U.S. at 690, 104 S. Ct. at 2052. To establish prejudice, a defendant must show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.' Id. at 694, 104 S. Ct. 2052. 'A reasonable probability is a probability

sufficient to undermine confidence in the outcome.' Id." Winthrop-Redin v. United States, 767

F.3d 1210, 1219 (11th Cir. 2014).

> "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district
> court should order an evidentiary hearing and rule on the merits of his claim." Aron, 291
> F.3d at 714–15 (citations and internal quotation omitted). "The law is clear that, in order
> to be entitled to an evidentiary hearing, a petitioner need only *allege* - not prove -
> reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Id. at
> 715 n. 6 (emphasis in original). "A hearing is not required on patently frivolous claims or
> those which are based upon unsupported generalizations. Nor is a hearing required where
> the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United
> States, 876 F.2d 1545, 1553 (11th Cir. 1989)… see also Lynn v. United States, 365 F.3d
> 1225, 1238–39 (11th Cir.2004) (holding that district court was not required to hold an
> evidentiary hearing based on § 2255 petitioner's mere conclusory allegations in his
> affidavit); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.1991) (stating that a 28
> U.S.C. § 2254 petitioner is not entitled to an evidentiary hearing if his claims "are merely
> conclusory allegations unsupported by specifics or contentions that in the face of the
> record are wholly incredible") (citations and internal quotations omitted).

> Saunders v. United States, 278 F. App'x 976, 978 (11th Cir. 2008).

Here, the entirety of McLellan's first claim of ineffective assistance of counsel is that

"[t]he Gov[ernment] made a very unfounded prejudicial remark at closing argument that was not

right. He said that I was a 'weapon myself' without anything to base it on." (Doc. 136 at 10). The

Government responds that this claim fails "because McLellan has not specifically alleged facts to

demonstrate deficient performance or prejudice…[,] trial counsel's performance was not

deficient…" and the Prosecutor did not call McLellan a weapon himself. (Doc. 148 at 25).

The relevant part of the transcript of the Prosecutor's closing argument reads as follows:

"The defendant is a convicted felon who appears to be toting weapons because he is one. He's a

convicted defendant who totes weapons who had drugs all around him, who had drug money in

his possession." (Doc. 127 at 130). McLellan has failed to show that counsel's failure to object to

this statement was improper or deficient performance "so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland 104 S. Ct. at 2064; see also Flowers v. Sec'y, Dep't of Corr., 2019 WL 3767037, at *10 (M.D. Fla. Aug. 9, 2019), aff'd, 842 F. App'x 510 (11th Cir. 2021) ("Failure to object during closing argument rarely amounts to ineffective assistance of counsel, particularly if the errors, if any, are insubstantial."). Moreover, McLellan has wholly failed to show the prejudicial nature of this statement and his likelihood of success if counsel would have objected to it. See Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim.); see also Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). Accordingly, McLellan's first claim of ineffective assistance of counsel fails as a matter of a law and does not warrant an evidentiary hearing.

McLellan's second ineffective assistance of counsel claim is that during his trial, there "was 3 and a half hours of garbage about three anxiety meds that I have a valid prescription for which my lawyer never mentioned." (Doc. 136 at 10). The Government responds that this fact is not relevant, McLellan failed to show "how he was prejudiced by trial counsel's failure to mention it, or even when counsel should have mentioned it," and this assertion is conclusory. (Doc. 148 at 26).

The Court agrees with the Government, as McLellan has not shown that his counsel's failure to present evidence of his alleged prescriptions to the jury was deficient performance or prejudicial in so much as rendering the jury's verdict unreliable. Further, the sole issue for the jury to determine at trial was whether McLellan was a felon in possession of a firearm, not whether McLellan was wrongfully in possession of or distributing a controlled substance. Accordingly, McLellan's claim for ineffective assistance of counsel for his counsel's failure to

present evidence of prescriptions during the course of the trial fails as a matter of law and does not warrant an evidentiary hearing.

McLellan's final ineffective assistance of counsel claim centers around his attorney's failure to produce a character letter from an employer. McLellan's claim, in its entirety, states as follows: "My lawyer never presented a letter from Company owner and Contractor, Donnie Fuqua, detailing my employment and I think i[t] would have made a difference." (Doc. 136 at 14). The Government responds that "McLellan's allegation [is conclusory and thus] fails under Strickland because he does not explain the context in which the letter should have been presented, how counsel was deficient in failing to present the letter, or how that failure was prejudicial." (Doc. 148 at 24).

Again, the Court agrees with the Government. McLellan has failed to show how the omission of a letter from an employer was deficient performance by his attorney or prejudiced him in any way. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner's conclusory statements, unsupported by specific facts or the record, are insufficient for ineffective assistance of counsel claims); see, e.g., United States v. Ayala, 348 F. App'x 545, 546 (11th Cir. 2009) (Counsel's failure to present character witness at trial did not prejudice the defendant and was not ineffective assistance of counsel). Because McLellan received a mandatory sentence, a letter from an employer would have had no bearing on his sentence. Accordingly, McLellan's claim of ineffective assistance of counsel for the failure to present a letter from an employer fails as a matter of law and does not warrant an evidentiary hearing.

**IV.    Motion to Appoint Counsel**

McLellan moves the Court for appointment of counsel to assist him with preparation of a 2255 motion. (Doc. 167). [10] With respect to appointment of counsel, there is no Sixth Amendment right to appointment of counsel in habeas proceedings, such as proceedings pursuant to § 2255. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further").

However, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), provides for appointment of counsel for an indigent habeas petitioner if the "interests of justice so require." See also Crawford v. United States, 2010 WL 1978259, at *1 (N.D. Ga. May 14, 2010) ("In collateral proceedings challenging a conviction, appointment of counsel is necessary only when due process or "the interests of justice" require it.") (citations omitted). "[W]here a defendant seeks appointment of counsel in a federal post-conviction proceeding prior to an evidentiary hearing, courts generally decline to grant the request unless it appears (1) the defendant has presented a constitutional claim with at least a fair likelihood of success on the merits, (2) the claim is factually complex and legally intricate, and (3) the facts are largely underdeveloped and the defendant, due to his incarceration and indigency, is severely hampered in his ability to investigate them." White v. Alabama, 2015 WL 5475626, at *1 (N.D. Ala. Sept. 17, 2015) (citations omitted).

McLellan argues that counsel should be appointed on the grounds that his IQ is 55 and thus needs help with his 2255 petition. (Doc. 167). However, McLellan underwent a psychiatric evaluation pursuant to 18 U.S.C. 4241 on March 22, 2018, and obtained a Full-Scale IQ score in

---

[10] McLellan's Motion to Appoint Counsel was filed on April 18, 2022. (Doc. 167). This was 19 months after he filed his 2255 Motion on September 21, 2020. (Doc. 136).

the "average range." (Doc. 100 at 5). Moreover, McLellan has adequately set forth facts and

legal argument in support of his claims and the claims are not so factually complex or legally

intricate as to require appointment of counsel. Further, for the reasons set forth above, McLellan

failed to present a constitutional claim with a fair likelihood of success on the merits.

Accordingly, McLellan is not entitled to the appointment of counsel and his Motion (Doc. 167)

is denied.

## V.      Certificate of Appealability

Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings requires this Court

to "issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may

not be taken to the court of appeals from... the final order in a proceeding under section 2255."

28 U.S.C. § 2253(c)(1)(B); see also United States v. Taylor, 2019 WL 1319277, *1 (N.D. Fla.

March 22, 2019) ("A defendant may appeal the denial of a § 2255 motion only if the district

court or court of appeals issues a certificate of appealability."). Pursuant to 28 U.S.C. 2253(c)(2)

"[a] certificate of appealability may issue...only if the applicant has made a substantial showing

of the denial of a constitutional right."

Where, a habeas petition is being denied in part on procedural grounds without reaching

the merits of the underlying constitutional claim, the movant must show that reasonable jurists

would debate (1) whether the motion states a valid claim of the denial of a constitutional right,

and (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529

U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Where a habeas petition is being denied

on the merits of an underlying constitutional claim, a certificate of appealability should be issued

only when the petitioner demonstrates "that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under §

2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional

right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 77

L.Ed.2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further[ ]") (internal quotation

marks omitted).

 McLellan's motion does not warrant the issuance of a certificate of appealability because

his claims are either not cognizable on collateral review, they are untimely pursuant to the statute

of limitations, procedurally barred, or meritless. McKay v. United States, 657 F.3d 1190, 1196

(11th Cir. 2011). Under the facts of this case, a reasonable jurist could not conclude either that

this Court is in error in dismissing the instant motion or that McLellan should be allowed to

proceed further. Slack, 529 U.S. at 484, 120 S.Ct. 1595 ("Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further[ ]"). Accordingly, the undersigned concludes that no reasonable

jurist could find it debatable whether McLellan's motion should be dismissed and as a result, he

is not entitled to a certificate of appealability.

## VI. *In Forma Pauperis*

 "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it

is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding:

> that an appeal would not be in good faith because no certificate of appealability had been
> issued ... is not enough to explain why the appeal on the merits would not be in good
> faith, because the standard governing the issuance of a certificate of appealability is not
> the same as the standard for determining whether an appeal is in good faith. It is more

demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also Ghee v. Retailers Nat'l Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) (finding that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted)); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'), aff'd, 193 F.3d 522 (11th Cir. 1999).

"An appeal is not taken in good faith if it is plainly frivolous." Johnson v. Thomas, 2005 WL 3005545, *1 (S.D. Ala. November 8, 2005); Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D. Fla. Dec. 16, 1999) ("The Petitioner demonstrates good faith when she seeks appellate review of any issue that is not frivolous."). An appeal filed in forma pauperis is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed in forma pauperis on appeal").

In consideration of the issues addressed herein, the Court finds and certifies that any appeal by McLellan in this action would be without merit and therefore not taken in good faith. Accordingly, he is not entitled to appeal *in forma pauperis*.

**VI.**    **Conclusion**

For the reasons stated above, McLellan's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Docs. 136, 143) is **DENIED**; McLellan's Motions for Addendum, to Amend, and Add Grounds are **DENIED** (Docs. 165, 166, 168); McLellan's Motion to Appoint Counsel is **DENIED** (Doc. 167); McLellan is not entitled to the issuance of a certificate of appealability; and McLellan is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **4th** day of **August 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**