IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 17-00093-KD-N |
| | ) |
| DUSTIN LEE McLELLAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Dustin Lee McLellan's "Motion for Reconsideration of Sentence Pursuant to 3582 Compassionate Release and also Motion for Reduction of Sentence pursuant to the 3582 First Step Act and also Motion to Amend Sentences to Run Concurrent in Case # 1-17-00093-KD" (Doc. 171) and supplement in support (Doc. 175). The Court construes the Motion for Reconsideration and the Motion for Reduction of Sentence as a single Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Brown v. Synovus Fin. Corp., 783 Fed. Appx. 923, 931 (11th Cir. 2019) ("A *pro se* party's characterization of his motion is not controlling; the court must determine under which remedial framework to construe the motion.") (citing United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) for the explanation "that courts must look behind *pro se* party's label of a motion to determine whether the motion is cognizable under a different remedial framework.").

Accordingly, upon consideration, and for the reasons set forth herein, the Motion for Reduction of Sentence is DENIED and the Motion to Amend Sentence is DISMISSED for lack of jurisdiction.

I. <u>Background</u>

McLellan was indicted for three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was tried and convicted as to Count One.  After his conviction, he pled guilty to Count Two and Count Three was dismissed.  His Presentence Investigation Report noted that he qualified as an armed career criminal under the Armed Career Criminal because he had three or more prior convictions for "violent felonies" or "serious drug offenses."  McLellan's sentencing guidelines range was 262 to 327 months.  However, the Court sentenced him to a term of 180 months as to each Count, to serve concurrently.  Fifteen years, or 180 months, was the statutory minimum sentence for the offenses of conviction. 18 U.S.C. § 924(e)(1).

McLellan appealed. Among other grounds, he argued that his sentence "should be vacated because two of his predicate felonies were wrongly classified 'violent' felonies under the ACCA." (Doc. 132, p. 10). Specifically, two Alabama convictions for first-degree burglary (Id., p. 11).  The Court of Appeals for the Eleventh Circuit declined to address McLellan's argument. The Eleventh Circuit did not determine that his two predicate offenses were wrongly classified and did not determine that he was not an armed career criminal (Id.)  Instead, the Eleventh Circuit stated that "the record is clear that the district court would have imposed the same 180-month sentence regardless of whether the mandatory minimum applied." (Id.).  Specifically,

> At McLellan's sentencing, the district court noted that even if the ACCA were inapplicable, it still would have sentenced McLellan "to 10 years and 5 years to run consecutive" on his two convictions, because "the 180 months is sufficient, no more greater than necessary, to fulfill the sentencing factors under [28 U.S.C. §] 3553."

(Doc. 132, p. 11).  The Eleventh Circuit affirmed this Court's sentencing decision.  However, the Eleventh Circuit did remand the action to this Court "for clarification of the judgment to reflect

2

the sentence the district court said it would have imposed if the Armed Career Criminal Act did not apply." (Id., p. 20). The Court entered an amended judgment as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 180 months as to each of Counts One and Two, said terms to run concurrently; or in the alternative, 120 months as to Count One and 60 months as to Count Two, said terms to be served consecutively.

(Doc. 135).

McLellan filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 139). The Court denied his motion (Doc. 156). In the order, the Court noted that McLellan's Hepatitis C diagnosis did not qualify as an extraordinary and compelling reason for a reduction of sentence because the illness was not "serious and advanced…with an end of life trajectory." (Id. at 7). Also, McLellan had not shown that his medical condition "diminish[ed] his ability to provide self-care in prison." (Id. at 8). The Court also explained that McLellan's alleged family situation did not warrant release. Additionally, the Court found that he still posed a danger to the safety of the community.

McLellan moved for reconsideration and challenged the Court's assessment of his dangerousness (Doc. 157). He alleged that his motion for compassionate release was denied "on grounds that are completely false and fabricated." (Id.). Specifically, McLellan contended this Court's order falsely overstated his prior criminal convictions and incorrectly claimed he stabbed three inmates while in prison. The Court denied his motion (Doc. 160). The Court found that McLellan did not present any newly discovered evidence or argue that the Court committed a manifest error of law or fact. The Court also found that the information in McLellan's motion did not alter the Court's prior assessment of his history and characteristics.

McLellan moved again for reconsideration of the denial of his motion for compassionate release (Doc. 162, Doc. 163). McLellan argued that the Court committed a manifest error of fact because he did "not have (14) convictions of any type of kind felony misdemeanor, or traffic offenses combined" (Doc. 162). He asserted that he had three felony convictions, and two non-violent property crimes and one drug offense which were remote in time. The Court reexamined McLellan's criminal history and ultimately concluded that "[e]ven though McLellan did not have 'fourteen prior convictions', under the law he is an armed career criminal." (Doc. 164). The Court reiterated that McLellan's "criminal history is significant enough for the Court to find that he is a danger to the community and that his criminal history shows a pattern of disrespect for the law." (Id.). The Court also explained that "despite McLellan's criminal history this Court chose not to sentence him to the Sentencing Guidelines range of 262 to 327 months. Instead, the mandatory minimum required sentence [of 180 months] was imposed." (Id.)

McLellan also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, amendments and addendum (Docs. 136, 143, 154, 165, 166, 168). The motion was denied (Docs. 169, 170). McLellan's appeal is pending before the Court of Appeals for the Eleventh Circuit (Docs. 172-174).

McLellan has now filed a "Motion for Reconsideration of Sentence Pursuant to 3582 Compassionate Release and also Motion for Reduction of Sentence pursuant to the 3582 First Step Act and also Motion to Amend Sentences to Run Concurrent in Case # 1-17-00093-KD" (Doc. 171). He also filed a supplement to the motion (Doc. 175).

II. <u>Analysis</u>

A. <u>Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i)</u>

4

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015). Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met[1], the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

The Policy Statement provides that upon motion under 18 U.S.C. § 3582(c)(1)(A)(i) the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th

---

[1] Defendants may file a § 3582(c)(1)(A)(i) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  There is no indication that McLellan has complied with this requirement.  However, in lieu of dismissal for failure to meet this procedural requirement the Court will address his motion. See United States v. Harris, 989 F.3d 908, 910-11 (11th Cir. 2021) (finding that the procedural requirements of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule.).

Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Court previously found that McLellan's early release would result in a danger to the safety of other persons and the community.  The Court finds no basis for changing its assessment of dangerousness.  Since McLellan has failed to make a sufficient showing on this requirement, he is not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Additionally, as an extraordinary and compelling reason for a reduction of sentence, McLellan argues that his sentence should be reduced because he is no longer an armed career criminal.  As previously stated, a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A), and U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d at 1262.   The Policy Statement lists four examples of extraordinary and compelling reasons under § 3582(c)(1)(A).  Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration. U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(C).

6

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)).

Because the Policy Statement allows other reasons as determined by the Director of the Bureau of Prisons, U.S.S.G. § 1B1.13 at cmt. n.1(D), the Court is constrained by the determinations of the Director. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence;  and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically states that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, Bryant, 996 F. 3d at 1262, this

Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstance McLellan presents – that he is no longer an armed career criminal and should be resentenced - would not be consistent with Policy Statement § 1B1.13. Since McLellan failed to show an extraordinary and compelling reason which would warrant a reduction of sentence, his motion is denied.

B. "Motion to Amend Sentences to Run Concurrently"

McLellan moves the Court to resentence him or to at least run his sentences concurrently, which "would be a 120 month sentence"[2] (Doc. 171).  As grounds to modify his sentence, McLellan argues that he is no longer an armed career criminal because he was "taken off that status in 2020 by the 11th Circuit".  On appeal, McLellan argued that his two convictions for Robbery 1st Degree under Alabama law did not qualify as predicate offenses for purposes of the Armed Career Criminal Act. He perceives the Eleventh Circuit's decision as finding that he is no longer an armed career criminal. He argues that he is "now under 922(g) not 924(c)", and that his sentencing guidelines have been reduced from 262 to 327 months to 24 to 30 months.

McLellan has misinterpreted the Eleventh Circuit's decision.  The Eleventh Circuit did not address whether McLellan was subject to the Armed Career Criminal Act. So, the Eleventh Circuit did not take him "off" that status. (Doc. 132, p. 10). Instead, the Eleventh Circuit specifically stated: "We decline McLellan's invitation to wade into the depths of evaluating the applicability of the ACCA, because the record is clear that the district court would have imposed the same 180-month sentence regardless of whether the mandatory minimum applied." (Id., p. 11).  McLellan remains an armed career criminal.

---

[2] On remand from the Eleventh Circuit, the Court made an alternative sentence of 120 months for Count One and 60 months for Count Two, to serve consecutive, for a total of 180 months. (Doc. 135).

In his supplement, McLellan argues that his prior conviction for attempt to manufacture a controlled substance is no longer a predicate offense under the Armed Career Criminal Act (Doc. 175). He cites a recent decision of the Court of Appeals for the Eleventh Circuit as holding that an "attempt" crime "cannot be considered a controlled substance crime" (Doc. 175). He argues that his sentencing guidelines are now 18 to 24 months, and that at the least, his sentence should be amended to "run concurrent to result in one 10 year sentence" (Id.).

McLellan cites United States v. Dupree, 57 F. 4th 1269 (11th Cir. Jan. 18, 2023). Dupree had been sentenced as an armed career criminal. On appeal, the Eleventh Circuit found that Dupree's prior conviction for conspiracy to possess with intent to distribute controlled substances in violation of 18 U.S.C. § 846, was not a predicate "controlled substance offense because the plain text of § 4B1.2(b)³ unambiguously excludes inchoate crimes." Id. at *9. The Eleventh Circuit stated that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt." Id.

---

³ "(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2(b).

Application Note 1, captioned "Definitions" in the Commentary defined a controlled substance offense as including "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses" Id.

In Dupree, the Eleventh Circuit found that the Guideline language controlled over the commentary in Application Note 1. "We conclude that the text of § 4B1.2(b) unambiguously excludes inchoate crimes. Under *Kisor*, that concludes our analysis, and we have no need to consider, much less defer to, the commentary in Application Note 1." United States v. Dupree, 57 F.4th 1269, 1279 (11th Cir. 2023) (overruling United States v. Smith, 54 F. 3d 690 (11th Cir. 1995) and other circuit precedent finding that Application Note 1 was binding).

From this, McLellan reasons that his predicate offense of attempted unlawful manufacture of a controlled substance, 2nd degree,[4] is no longer a proper predicate to sentencing under the ACCA, and therefore, this Court can reduce his sentence.

However, after a defendant is sentenced, the Court does not possess inherent authority to modify that sentence. Instead, Congress has created limited statutory grounds for modifying a sentence. See 18 U.S.C. § 3582(c); United States v. Gray, No. 22-11963, 2023 WL 1836789, at *2 (11th Cir. Feb. 9, 2023) ("A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'") (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015)).  The relief McLellan seeks is more in line with the relief available in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Thus, his motion could be a successive motion pursuant to 28 U.S.C. § 2255 which was filed without first obtaining authorization from the Eleventh Circuit.  In that regard, Section 2255(h) provides as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[4] See Doc. 91, p. 7, Presentence Investigation Report.

28 U.S.C. § 2255(h).  Even though the Dupree decision does not appear to have been "made retroactive to cases on collateral review by the Supreme Court",[5] if McLellan believes that the Dupree decision provides a basis for vacating, setting aside, or correcting his sentence as set forth above, he should first file an application in the Eleventh Circuit "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(2), (3).

DONE and ORDERED this the 15th day of February 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[5] Dupree was cited in the Supplemental Brief in Support of Petition for Writ of Certiorari in Lomax v United States, 2023 WL 1444745 (U.S. Jan. 27, 2023).